IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT JEFFREY SHRINER, *et al.*, <br>    *Plaintiffs*, <br><br> v. <br><br> ANNAPOLIS CITY POLICE DEPARTMENT, *et al.*, <br>    *Defendants*. | Civil Action No. ELH-11-2633 |

**MEMORANDUM**

By Order issued March 2, 2012 (ECF 25) ("Discovery Order"), in response to plaintiffs' "Motion for Leave to Conduct Limited Discovery Prior to the Time Specified in Rule 26(d)" (ECF 23), I directed defendants Bembe Beach, LLC ("Bembe") and the Maryland Transportation Authority Police Department ("MdTAP") to provide specified limited preliminary discovery to plaintiffs. In particular, I directed Bembe and the MdTAP to provide plaintiffs with a variety of personal identifying information and contact information as to other defendants, who have not yet been served and are former employees of Bembe or the MdTAP, so as to enable plaintiffs to effect service upon the unserved defendants. I also authorized any party to move to rescind or modify the Discovery Order as improvidently granted, and provided that, if such a motion was filed, the Discovery Order would be stayed automatically until resolution of the motion.

The MdTAP has filed an "Opposition to the Motion for Leave to Conduct Limited Discovery and/or Request for Striking of Order as Improvidently Granted" ("Opposition") (ECF 26), arguing that the information that plaintiffs seek is "confidential information protected by state and federal law," and thus should be exempt from disclosure to plaintiffs. Opposition ¶ 4.

Plaintiffs have responded to the MdTAP's Opposition (ECF 27).  No hearing is necessary to resolve this issue.  *See* Local Rule 105.6.  The MdTAP's Opposition, considered as a motion to rescind the Discovery Order, will be denied.  However, I will enter a protective order with respect to the discovery material at issue.[1]  My reasons follow.

**Background**

The Discovery Order requires the MdTAP to disclose to plaintiffs certain limited preliminary discovery with respect to defendant Brandon Smith.  Smith is a former MdTAP cadet, who plaintiffs allege was involved in an incident that occurred on or about September 29, 2010, at the Federal House Bar & Grill in Annapolis, a restaurant owned and operated by Bembe.  During the incident, plaintiffs claim that they were assaulted by several employees of Bembe, as well as officers of the Annapolis City Police Department and the MdTAP, including Smith.  They have alleged a variety of federal and state constitutional and tort claims arising from the incident.

Thus far, plaintiffs have been unable to serve Smith, in part because he is no longer employed by the MdTAP and has a very common name, which has impeded plaintiffs' attempts to locate him by private process server.  I have granted two extensions of time to complete service on Smith (as well as other unserved defendants who are former employees of Bembe). *See* ECF 10, 24.  The Discovery Order directs the MdTAP to provide plaintiffs with Smith's "full name, last known phone number(s), last known address, date of birth, drivers' license

---

[1] Bembe did not file a motion to rescind or modify the Discovery Order, and the Court is not aware whether Bembe has already complied with the Discovery Order.  Although the protective order I issue will not expressly address the discovery as to Bembe, plaintiffs' counsel will be directed to honor the provisions of the protective order as to any information provided by Bembe pursuant to the Discovery Order, if Bembe's counsel so requests.

number, last four digits of [his] social security number, and/or any other identifying or contact information of [Smith] known to [the MdTAP] and not previously disclosed to plaintiffs," Discovery Order ¶ 4, so as to enable plaintiffs to locate Smith and serve him with a summons and a copy of their complaint.

### Discussion

The MdTAP argues that the information addressed in the Discovery Order is not subject to discovery by plaintiffs by virtue of provisions of the Maryland Public Information Act ("MPIA"), Md. Code (2009 Repl. Vol., 2011 Supp.), §§ 10-611 *et seq.* of the State Government Article ("S.G."), and the Drivers Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721 *et seq.* The MdTAP is incorrect.

The MdTAP's argument under the DPPA is plainly without merit. The DPPA, *inter alia*, prohibits disclosure of "personal information" by a State department of motor vehicles or by any "authorized recipient of personal information," except under certain circumstances. 18 U.S.C. § 2721(a), (c). "Personal information" means "information that identifies an individual," and includes "an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), [and] telephone number." *Id.* § 2725(3).

Clearly, the information addressed in the Discovery Order qualifies as "personal information" under the DPPA. The MdTAP argues that it is an "authorized recipient of personal information," *id.* § 2725(c), and, as such, prohibited from disclosing the personal information sought by plaintiffs. However, the DPPA expressly authorizes the disclosure of personal information for "use in connection with any civil . . . proceeding in any Federal, State, or local court . . . , *including the service of process*, investigation in anticipation of litigation, and the

execution or enforcement of judgments and orders, *or pursuant to an order of a Federal, State, or local court.*" *Id.* § 2721(b)(4) (emphasis added). Accordingly, the DPPA does not bar the disclosure directed in the Discovery Order.

The MdTAP's argument under the MPIA also fails. The MPIA is Maryland's analog to the federal Freedom of Information Act ("FOIA"). The MPIA codifies the ideal of open government that "[a]ll persons are entitled to have access to information about the affairs of government and the official acts of public officials and employees." S.G. § 10-612(a). To that end, the MPIA states that, "[e]xcept as otherwise provided by law, a custodian shall permit a person or governmental unit to inspect any public record at any reasonable time," S.G. § 10-613(a)(1), and that "[i]nspection or copying of a public record may be denied only to the extent provided" by the MPIA. S.G. § 10-613(a)(2).

The MPIA contains a number of exceptions to the general requirement of public access. The MdTAP argues that the information at issue comes within the exception under S.G. § 10-616(i) for "personnel records." S.G. § 10-616(i) provides that "a custodian shall deny inspection of a personnel record of an individual, including an application, performance rating, or scholastic achievement information," unless the person who seeks inspection is the employee whose records are at issue or the employee's supervisor. *See* Opposition ¶ 5. Although the MdTAP does not cite it, another MPIA exception is also relevant. S.G. § 10-617(e) provides:

> [A] custodian shall deny inspection of the part of a public record that contains the home address or telephone number of an employee of a unit or instrumentality of the State or of a political subdivision unless:
> 
>   (1) the employee gives permission for the inspection; or
> 
>   (2) the unit or instrumentality that employs the individual determines that inspection is needed to protect the public interest.

As plaintiffs correctly observe, the information that they seek does not constitute "personnel records" under S.G. § 10-616(i). Although there is "no statutory definition of 'personnel records' in the Maryland Public Information Act," the Maryland Court of Appeals consistently has held that the term refers only to records relating to "an employee's 'hiring, discipline, promotion, dismissal, or any matter involving his status as an employee.'" *Montgomery County v. Shropshire*, 410 Md. 362, 378-79, 23 A.3d 205, 215 (2010) (quoting *Governor v. Washington Post*, 360 Md. 520, 547, 759 A.2d 249, 264 (2000)); *see also id.* at 378-82, 23 A.3d at 215-17 (cataloging case law concerning "personnel records" exception in MPIA).

I have little difficulty concluding that the identification and contact information sought by plaintiffs does not constitute "personnel records" under S.G. § 10-616(i). The Maryland appellate courts have held that records of internal affairs investigations of county police officers are personnel records, *see id.* at 381, 23 A.3d at 216, but that the term does not encompass parking tickets issued to a state university employee, *see Kirwan v. The Diamondback*, 352 Md 74, 83, 721 A.2d 196, 200 (1998), scheduling and telephone records of the Governor of Maryland and his staff, *see Governor*, 360 Md. at 548, 759 A.2d at 264, or aggregated data regarding complaints of racial profiling by state troopers. *See Md. State Police v. NAACP Branches*, 190 Md. App. 359, 369, 988 A.2d 1075, 1080-81, *cert. granted*, 415 Md. 38, 997 A.2d 789 (2010).

On the other hand, plaintiffs clearly seek to obtain former cadet Smith's "home address or telephone number," which is exempt from MPIA disclosure under S.G. § 10-617(e). If this case involved a request for information under the MPIA, the MdTAP would be justified in denying inspection of such records.

In invoking the MPIA, the MdTAP overlooks that plaintiffs' motion was not a public records request under the MPIA. Rather, it was a request for discovery in a civil lawsuit. Since at least 1974, four years after the enactment of the MPIA, this Court has recognized that "the exemptions in the [MPIA] do not create privileges for the purposes of discovery." *Boyd v. Gullett*, 64 F.R.D. 169, 178 (D. Md. 1974).

More recently, in *Mezu v. Morgan State University*, 269 F.R.D. 565, 576 (D. Md. 2010), Chief Magistrate Judge Paul W. Grimm again confirmed that "the MPIA does not bar discovery of otherwise discoverable documents." As Judge Grimm explained, discovery in a federal civil action is governed by Rule 26 of the Federal Rules of Civil Procedure, which generally permits the parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Moreover, "there is no legal justification for claiming that the MPIA is a privilege that would warrant refusal to produce documents pursuant to Fed. R. Civ. P. 26(b)(1)." *Mezu*, 269 F.R.D. at 576. As the Court explained in both *Mezu* and *Boyd*, courts look to federal precedent regarding the federal Freedom of Information Act as persuasive when interpreting the MPIA. *See Mezu*, 269 F.R.D. at 576; *Boyd*, 64 F.R.D. at 176-78; *see also Stromberg v. Metal Works, Inc. v. Univ. of Md.*, 395 Md. 120, 127 n.2, 909 A.2d 663, 668 n.2 (2006); *MacPhail v. Comptroller*, 178 Md. App. 115, 119, 941 A.2d 493, 496 (2008). It is well settled that the FOIA does not create privileges from discovery in civil litigation. *Mezu*, 269 F.R.D. at 576 (citing cases); *see, e.g.*, *Chamber of Commerce v. Legal Aid Soc'y*, 321 U.S. 1309, 1310 (1975) (Douglas, J., Circuit Justice) (denying application for stay of discovery order) ("[T]he Freedom of Information Act creates no privileges . . . .").[2]

---

[2] Indeed, even if the MPIA did create an evidentiary privilege, it is doubtful whether an

Rather, "[a]t most, [the MPIA] could be used as a basis to seek a protective order under Rule 26(c), to ask the Court to impose conditions regarding the production of records within the scope of the MPIA that would adequately address any confidentiality concerns." *Mezu*, 269 F.R.D. at 576-77; *see also Boyd*, 64 F.R.D. at 178-79 (concluding that, "[a]lthough no general privilege against discovery [of MPIA personnel records] exists, certain restrictions on discovery would be appropriate," and imposing redaction, *in camera* review, and attorneys'-eyes-only conditions on discovery).[3]

In *Baltimore City Police Department v. State*, 158 Md. App. 274, 857 A.2d 148 (2004), Judge Mary Ellen Barbera, writing for the Maryland Court of Special Appeals, reviewed the denial of a motion to quash a subpoena, in a criminal case, seeking disclosure of police internal affairs investigation files. The *Baltimore City* Court recognized that the records were "personnel records" under S.G. § 10-616(i), and thus were "made confidential . . . by the [M]PIA." *Id.* at 283-84, 857 A.2d at 153-54. However, the records were "not immune from disclosure to the defendant in a criminal trial." *Id.* at 284, 857 A.2d at 154; *see also id.* at 287 n.7, 857 A.2d at

---

evidentiary privilege created by state law would apply in a case such as this. This case was filed in federal court pursuant to federal question jurisdiction over plaintiffs' federal constitutional claims, *see* 28 U.S.C. § 1331, and the Court has supplemental jurisdiction over their state law claims. *See* 28 U.S.C. § 1367. *See* Complaint ¶¶ 29-30 (ECF 1). Although the Supreme Court has not definitively resolved the question (and the lower federal courts are divided on the issue), the Fourth Circuit has held that "in a case involving both federal and state law claims, the federal law of privilege applies," rather than state law concerning evidentiary privileges. *Virmani v. Novant Health, Inc.*, 259 F.3d 284, 286 n.3 (4th Cir. 2001) (citing, *inter alia*, Fed. R. Evid. 501 and *Jaffee v. Redmond*, 518 U.S. 1, 15 n.15 (1996)).

[3] The same principles generally hold true for employee information held by private employers: such information is not privileged from discovery, but disclosure of the information may be subject to protective orders and other provisions to protect the confidentiality of the information and the privacy of the employees. *See, e.g.*, Letter to Hon. Gilbert J. Genn re: "Personnel – Evidence – Personnel Files of Private Employer are Not Privileged Against Discovery," 80 Md. Op. Att'y Gen'l 249 (1995).

156 n.7 ("Although the IAD records at issue here are made confidential by SG § 10-616, they are not privileged.").

According to the *Baltimore City* Court, the confidentiality of the records called for the trial court to "'balance [the requesting party's] legitimate need for relevant information in the records against (1) the privacy rights of other persons and (2) the custodian's duty to maintain confidentiality.'" *Id.* at 290, 857 A.2d at 158 (citation omitted).  In that case, the appellate court directed the lower court to engage in a three-step process. *Id.*  First, the lower court should require the party seeking the information to "proffer his need for disclosure and persuade the court that there is a reasonable possibility that the information in the records will assist his case." *Id.*  Second, the lower court should determine, *in camera*, what relevant records exist and which of those records are confidential. *Id.*  Finally, the court should conduct an "'expanded in camera hearing, with counsel of record present as officers of the court,'" to determine the ultimate issue of discoverability as to each record at issue. *Id.* at 290-91, 857 A.2d at 158 (citation omitted).

In this case, what plaintiffs seek to discover is not entire confidential records, but merely discrete items of confidential information.  Accordingly, the full-blown three-step process of *in camera* review of records articulated by the *Baltimore City* Court is unnecessary.  As to the first step, I am satisfied by the record already made in this case, including plaintiff's motion for discovery (ECF 23), that plaintiffs have a need for the information that they seek, in order to effect service of process on Smith.  In my view, the remaining two steps are not necessary, because appropriate safeguards as to the confidentiality of any information disclosed pursuant to the Discovery Order can be established by entry of a protective order, patterned upon the model "Stipulated Order Regarding Confidentiality of Discovery Material and Inadvertent Disclosure of

Privileged Material" contained in Appendix D to the Local Rules.[4] Moreover, although not all of the information sought by plaintiffs is expressly made confidential by S.G. § 10-617(e), I am satisfied that all of the information is personal information of a sufficiently sensitive nature that a protective order governing its disclosure is warranted.

In closing, I note that judicial resolution of this controversy would have been unnecessary if counsel for plaintiffs and the MdTAP had consulted with one another and jointly proposed a protective order to the Court, in accordance with their duty to cooperate imposed by the Federal Rules of Civil Procedure, the Local Rules, and this Court's Discovery Guidelines. I also echo Judge Grimm's observation in *Mezu*, in reaction to the assertion by another Maryland state entity that the MPIA precluded a response to the plaintiff's discovery requests: "It is apparent that Defendant failed to conduct legal research to determine whether the MPIA operated as a privilege to bar discovery." *Mezu*, 269 F.R.D. at 576.

## Conclusion

For the foregoing reasons, the MdTAP's Opposition (ECF 26), construed as a motion to rescind the Court's Discovery Order (ECF 25), will be denied. Accordingly, the automatic stay of the Discovery Order will be lifted and, as such, the disclosures directed by the Discovery Order must be made within fourteen days after this Memorandum Opinion is entered on the docket. An Order implementing my ruling and a separate Protective Order follow.

Date:  March 19, 2012                       /s/
                                            Ellen Lipton Hollander
                                            United States District Judge

---

[4] In their response to the MdTAP's opposition, plaintiffs have suggested a draft protective order. *See* ECF 27-2. In my view, the model provisions provided by the Local Rules are more appropriate.