IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT JEFFREY SHRINER, *et al.*, <br>     *Plaintiffs*, <br><br> v. <br><br> CITY OF ANNAPOLIS, *et al.*, <br>     *Defendants*. | Civil Action No. ELH-11-2633 |

**MEMORANDUM**

This Memorandum resolves the motion to dismiss plaintiffs' amended complaint ("Motion to Dismiss") (ECF 39), filed by the State of Maryland (the "State") and two police officers of the Maryland Transportation Authority Police ("MdTAP"): Corporal Sean Hames and Cadet George Grossnickle (collectively with the State, the "State Defendants"). In addition, it resolves plaintiffs' motion to voluntarily dismiss portions of the amended complaint ("Motion to Voluntarily Dismiss") (ECF 50). Pursuant to the Court's Order granting leave to file a second amended complaint (ECF 44), plaintiffs filed their Second Amended Complaint (ECF 45) while these motions were being briefed. Therefore, the Court considers both motions to relate to the Second Amended Complaint as the current operative pleading. No hearing is necessary to resolve the motions. *See* Local Rule 105.6. This Memorandum also addresses the status of plaintiffs' claims against defendant Brandon Smith.

**A.  Motion to Dismiss and Motion to Voluntarily Dismiss**

In the Motion to Dismiss, the State Defendants advance four contentions: (1) Eleventh Amendment sovereign immunity bars plaintiffs' claim under 42 U.S.C. § 1983 against the State; (2) plaintiffs fail to plead adequate facts to show that Corporal Hames and Cadet Grossnickle

acted with malice or gross negligence, so as to deprive them of statutory immunity from plaintiffs' state law claims, pursuant to the Maryland Tort Claims Act ("MTCA"); (3) plaintiffs fail to state a claim for intentional infliction of emotional distress ("IIED"); and (4) neither the Maryland Transportation Authority ("MdTA") nor the MdTAP is a proper defendant.

The latter two points require little discussion. In their reply in support of their Motion to Voluntarily Dismiss (ECF 59), plaintiffs state that they "have reconsidered" their claims against the MdTAP officers for the tort of IIED, and join in moving to dismiss those claims, but reserve the right to claim damages for emotional injuries to the extent such damages are available under their other causes of action. Accordingly, as to the third contention, the Motion to Dismiss will be granted, and plaintiffs' IIED claims (Counts IX and XV) will be dismissed as against Corporal Hames and Cadet Grossnickle. In addition, plaintiffs have made clear that they are not advancing claims against the MdTA or the MdTAP. Although plaintiffs' original complaint named the MdTAP as a defendant, in their Amended Complaint and the Second Amended Complaint, they substituted the State, in place of the MdTAP, as the sole state institutional defendant. Accordingly, as to the fourth contention, the Motion to Dismiss is denied, as moot.

The first contention, regarding Eleventh Amendment immunity from the § 1983 claims, is the subject of plaintiffs' Motion to Voluntarily Dismiss. Both sides agree that the Eleventh Amendment bars plaintiffs from proceeding on their § 1983 damages claim against the State in federal court. *See, e.g.*, *Quern v. Jordan*, 440 U.S. 332, 338-45 (1979). Indeed, although the State Defendants only sought dismissal of Count III (which is the only count that plaintiffs assert against the State itself), plaintiffs concede that the Eleventh Amendment also bars in federal court their § 1983 claims against Corporal Hames and Cadet Grossnickle in their official

capacities (Counts I and II), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

However, plaintiffs maintain that the Eleventh Amendment presents no bar to suit in state court. Therefore, in their Motion to Voluntarily Dismiss, plaintiffs ask that all of their claims against the State and the MdTAP officers in their official capacities (including both the § 1983 claims and the claims for state common-law and constitutional torts) be dismissed without prejudice, so that they can potentially be refiled in a Maryland state court. They ask this Court to retain jurisdiction only over the § 1983 and state law claims against the officers in their individual capacities.

The State Defendants counter that dismissal should be with prejudice, because plaintiffs cannot "'cure' the problem associated with Eleventh Amendment immunity by refiling their § 1983 claim against the State in state court." ECF 56 at 3. And, even if plaintiffs could cure, the State Defendants claim that they would be entitled to remove the action back to federal court on the basis of federal question jurisdiction. *Id.*

If the Eleventh Amendment were the only problem with plaintiffs' § 1983 claims against the State Defendants, I would agree with plaintiffs that dismissal should be without prejudice. *See, e.g.*, *Douthwaite v. Virginia*, 902 F.2d 1564, 1990 WL 64812, at *1 n.* (4th Cir. May 1, 1990) (table) (unreported) ("Because a dismissal on Eleventh Amendment grounds is a dismissal for lack of jurisdiction, the district court's order should be construed as a dismissal without prejudice . . . ."); *see also Darlak v. Bobear*, 814 F.2d 1055, 1064 (5th Cir. 1987) (holding that

dismissal on Eleventh Amendment grounds goes to the merits "'only of the lack of a federal court's power to act'" and "'is otherwise without prejudice to the plaintiff's claims, and the rejected suitor may reassert his claim in any competent court'") (citation and some internal quotation marks omitted); *Lacks v. Fahmi*, 623 F.2d 254, 256 (2d Cir. 1980).

However, there is another problem with plaintiff's § 1983 claims, which plaintiffs have overlooked and the State Defendants have conflated with their Eleventh Amendment argument. As a substantive matter, separate and apart from the Eleventh Amendment (although animated, in part, by Eleventh Amendment concerns), the Supreme Court has held that states and their officers sued in their official capacities are not "persons" who can be subject to suit for money damages under § 1983. *Will*, *supra*, 491 U.S. at 71. This is true regardless of whether suit is brought in state or federal court. (Indeed, the question arose in *Will* because *Will* was a state court case. *See id.* at 63-64.)

Plaintiffs note that, under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), official capacity suits for prospective, injunctive relief under § 1983 (as opposed to suits for money damages) are not barred by the Eleventh Amendment. That is so. *See Will*, 491 U.S. at 71 n.10; *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Indeed, although plaintiffs make that point as part of their argument that they have viable § 1983 claims that can be advanced in state court, *Graham* states that injunctive relief can be obtained against state officials in their official capacities under § 1983 in federal court. To date, however, plaintiffs have made no request for injunctive relief.[1] Their § 1983 claims only request money damages. Accordingly, pursuant to

---

[1] If plaintiffs wish to amend their complaint to seek injunctive relief in this proceeding, they are free to file a motion for leave to do so. However, I note that injunctive relief under § 1983 against a state officer in his official capacity is typically appropriate only if "the

*Will*, the § 1983 claims against the State and the MdTAP officers in their official capacities fail to state claims upon which relief can be granted, and will be dismissed, with prejudice.

Plaintiffs also seek to dismiss voluntarily, without prejudice, their state law claims against the MdTAP officers in their official capacities. But, the Maryland Court of Appeals has made clear that the individual/official capacity dichotomy is not relevant to claims under Maryland state law. In *Higginbotham v. Public Service Commission*, 412 Md. 112, 129-30, 985 A.2d 1183, 1192-93 (2009) (alterations in original), the Maryland Court of Appeals said:

> In *Ritchie v. Donnelly*, 324 Md. 344, 597 A.2d 432 (1991), this Court held "that the particular and confusing [official/individual capacity] dichotomy developed in [42 USC] § 1983 cases has no application to actions against individual government officials for money damages based on violations of Maryland constitutional rights." *Id.* at 373-74, 597 A.2d at 446-47. That holding is equally applicable to intentional tort actions asserted against Maryland public officials. In such actions, it is of no consequence whether the Maryland public official is sued in his or her "official" capacity or "individual" capacity.

It is not meaningful under Maryland law to divide claims according to individual capacity and official capacity. Accordingly, to the extent that plaintiffs' Motion to Voluntarily Dismiss seeks to bifurcate their state law claims into individual capacity and official capacity claims, it will be denied.

Finally, I consider whether plaintiffs have adequately pleaded that Corporal Hames and Cadet Grossnickle acted with gross negligence or malice, so as to defeat statutory MTCA immunity as to plaintiffs' state law claims. Under the MTCA, state employees are immune from liability "for a tortious act or omission that is within the scope of the public duties of the State

---

complaint alleges an *ongoing* violation of federal law.'" *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (stating that) (emphasis added) (internal quotation marks and citation omitted). Nevertheless, I express no definitive view as to how the Court might rule on such a motion.

personnel and is made without malice or gross negligence." Md. Code (2006 Repl. Vol., 2011 Supp.), § 5-522(b) of the Courts & Judicial Proceedings Article. The "MTCA does not distinguish between constitutional torts and common law torts. Accordingly, the same standards of malice and gross negligence govern" state common-law tort claims and violations of state constitutional rights. *Newell v. Runnels*, 407 Md. 578, 640 n.28, 967 A.2d 729, 766 n.28 (2009).

For purposes of MTCA immunity, "malice" refers to so-called "actual malice," *i.e.* "conduct 'characterized by evil or wrongful motive, intent to injure, knowing and deliberate wrongdoing, ill-will or fraud.'" *Lee v. Cline*, 384 Md. 245, 268, 863 A.3d 297, 311 (2004). "[S]tate personnel are not immune from suit and liability in tort when the plaintiff's complaint *sufficiently* alleges malice or gross negligence." *Barbre v. Pope*, 402 Md. 157, 181-82, 935 A.2d 699, 714 (2007) (emphasis in original).

In their Second Amended Complaint, plaintiffs allege that the MdTAP officers participated in repeatedly "savagely punch[ing] and kick[ing]" both of the plaintiffs, without provocation, and submitted knowingly false police reports in connection with plaintiffs' arrests for assault on a police officer, disorderly conduct, resisting arrest, and malicious destruction of property. Second Amended Complaint ¶¶ 39-55. These allegations, if proven, could establish actual malice. *See, e.g.*, *Barbre*, 402 Md. at 186, 935 A.2d at 716 (plaintiff sufficiently alleged malice where officer shot him in the neck while his hands were raised in surrender); *Lee*, 384 Md. at 269-70, 863 A.2d at 312 (plaintiff sufficiently alleged malice where officer extended traffic stop and called for canine search without justification, yelled at plaintiff, and described plaintiff to dispatcher, without justification, as an "uncooperative suspect"); *Okwa v. Harper*, 360 Md. 161, 182, 757 A.2d 118, 129 (2000) (plaintiff sufficiently alleged malice where

arresting officers "beat [plaintiff] about his head and neck while they twisted his thumbs"); *Sawyer v. Humphries*, 322 Md. 247, 261, 587 A.3d 467, 474 (1991) (plaintiff sufficiently alleged malice where officer, unprovoked and without cause, threw rock at plaintiff's vehicle, wrestled him to the ground, grabbed him by hair, and repeatedly hit his face, saying that he was "going to kill" plaintiff). At this stage of the litigation, at which the Court must accept the truth of the plaintiffs' well pleaded factual allegations, plaintiffs' pleading of malice is sufficient to proceed to discovery.

### B. Claims Against Defendant Brandon Smith

All defendants have entered appearances through counsel in this action except for Brandon Smith. At the time of the events giving rise to plaintiffs' complaint, Mr. Smith was an MdTAP cadet. However, he is no longer employed by the MdTAP.

In light of plaintiffs' difficulty in obtaining contact information for Mr. Smith sufficient to effect service of process upon him, the Court granted two extensions of time to serve Mr. Smith, *see* ECF 10 & 24, and also permitted plaintiffs to obtain limited preliminary discovery from the State with respect to Mr. Smith's last known address and other contact information. *See* ECF 25, 32, 33. Pursuant to the Court's most recent Order extending the time for service, plaintiffs were to effect service of process on Mr. Smith no later than May 1, 2012. *See* ECF 24.

In filing their Second Amended Complaint on April 18, 2012, plaintiffs provided a revised address and title for Mr. Smith, and indicated that Mr. Smith is now engaged in basic training for the Army National Guard in Fort Sill, Oklahoma, at the rank of Private, E1. *See* ECF 43 at 6; ECF 45 at 2. Plaintiffs have not submitted a return of service for Mr. Smith. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, more than 120 days have elapsed since the

filing of plaintiffs' original complaint against Mr. Smith in September 2011 and, as noted, the extended time for service ordered by the Court expired on May 1, 2012.

Accordingly, pursuant to Rule 4(m) and Local Rule 103.8(a), plaintiffs will be directed to show cause why their claims against Mr. Smith should not be dismissed, without prejudice, for failure to effect timely service of process.  In the event that Mr. Smith has, in fact, been timely served, or to the extent that plaintiffs contend there is good cause not to dismiss their claims against Mr. Smith, plaintiffs shall address whether Mr. Smith is in "military service" within the meaning of the Servicemembers Civil Relief Act, 50 U.S.C. App'x § 511(2) and, if so, the way in which that fact impacts this case.

An Order consistent with the foregoing rulings follows.

Date:   June 15, 2012                         /s/
                                      Ellen Lipton Hollander
                                      United States District Court